JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 11-00106 MMM (DTBx) | Date | January 31, 2011 |

| | |
|---|---|
| Title | *Deutsche Bank National Trust Co. v. Jose Dejesus Quezada* |

Present: The Honorable  MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **Order Remanding Action to Los Angeles Superior Court for Lack of Subject Matter Jurisdiction**

## I. FACTUAL BACKGROUND

On December 28, 2010, plaintiff Deutsche Bank National Trust Company ("Deutsche Bank"), as trustee for Natixis Real Estate Capital, filed an unlawful detainer action in San Bernardino Superior Court against *pro se* defendant Jose Dejesus Quezada and certain fictitious defendants.[1] Deutsche Bank alleges that it purchased real property located at 1045 North Teakwood Avenue, Rialto, California 92376 ("the property") at a foreclosure sale conducted in compliance with California Civil Code §§ 2924 *et seq*.[2]

On December 23, 2010, plaintiff served defendants with a notice to quit and deliver possession of the property in accordance with California Code of Civil Procedure § 1161(a).[3] Plaintiff alleges that defendants failed and refused to deliver possession of the property as required by § 1161(a), and

---

[1]Notice of Removal ("Removal"), Exh. 1 (Summons and Complaint ("Complaint")), Docket No. 1 (Jan. 13, 2011).

[2]Complaint, ¶¶ 2-3.

[3]*Id.*, ¶ 6.

that they continue to be in possession of the property without plaintiff's permission or consent.[4] In addition to possession of the property, plaintiff seeks restitution and damages at the rate of $100 for each day defendants occupy the premises from and after the expiration of the Notice to Quit, as well as costs of suit.[5] Defendant removed the action to federal court on January 13, 2010, alleging that there is "complete diversity," that the "amount in controversy exceeds [ ] $85,000" and that "the grounds for such removal is being based on claims 'arising under' federal law."[6] Defendants contend that the action raises a federal question because of "the Moving Party's Discovery Request and Demand for: 'The Original Blue Inked Promis[s]ory Note.'"[7]

## II. DISCUSSION

### A. Legal Standards Governing Removal Jurisdiction

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment[, however,] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), and *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566 (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)). As the party seeking removal, defendant must prove, by a preponderance of the evidence, facts sufficient to support jurisdiction. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

Removal jurisdiction can be based on diversity of citizenship or on the existence of a federal

---

[4]*Id.*, ¶ 7.

[5]*Id.*, ¶ 8.

[6]Removal at 2.

[7]*Id.*

question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required"); see also 28 U.S.C. § 1441(b); *id.* at § 1331 (the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

### B.  Whether the Requirements for Diversity Jurisdiction Are Met

Diversity jurisdiction exists where the matter in controversy exceeds $75,000 and is between "(1) citizens of different states; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332(a). Jurisdiction, including the amount in controversy, is determined at the moment of removal. See *In the Matter of Shell Oil Company*, 970 F.2d 355, 356 (7th Cir. 1992). In measuring the amount in controversy, a court must "assum[e] that the allegations of the complaint are true and assum[e that] a jury [will] return[ ] a verdict for the plaintiff on all claims made in the complaint." *Jackson v. American Bankers Ins. Co. of Florida*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997); see also *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994).

The amount in controversy is determined from the complaint itself, unless it appears to a legal certainty that the claim is worth an amount different that the amount pled in the complaint. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354 (1961); *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007) (stating that under 28 U.S.C. §§ 1332, 1441, and 1453, a party seeking removal had to prove with "legal certainty" that the amount in controversy was satisfied, notwithstanding the prayer for relief in complaint).

Plaintiff's complaint states that the "[a]mount demanded does not exceed $10,000."[8] The notice of removal alleges in conclusory fashion that "[defendant] believes that the amount in controversy exceeds the $85,000."[9] This allegation, unsupported by facts of any kind, is insufficient to meet the legal certainty standard. Accordingly, the amount in controversy requirement for diversity jurisdiction is not met. Likewise, minimal diversity appears to be lacking. Defendant alleges only that he is a resident of California;[10] he does not allege his own citizenship nor that of plaintiff. The complaint is similarly silent as to the parties' citizenship. Because defendant has neither alleged facts sufficient to support a finding that the amount in controversy exceeds $75,000, nor demonstrated that the citizenship of the parties is diverse, the court lacks diversity jurisdiction to

---

[8] Complaint at 1.

[9] Removal at 2.

[10] *Id.*

3

hear the matter.

### C. Whether the Court Has Federal Question Jurisdiction to Hear the Matter

Federal question jurisdiction is presumed to be absent unless the defendant, as the party seeking removal, shows that plaintiff has either alleged a federal claim, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916), a state cause of action that requires resolution of a substantial issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal claim by completely preempting the field, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.*, 463 U.S. at 13 (1983). A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow*, 478 U.S. at 813.

Since a defendant may remove a case under § 1441(b) only if the claim could originally have been filed in federal court, whether removal jurisdiction exists must be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *Caterpillar*, 482 U.S. at 392 ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint"); see also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). It is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) ("A defense is not part of a plaintiff's properly pleaded statement of his or her claim"); *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"); *Franchise Tax Bd.*, 463 U.S. at 14 ("[A] case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case").

Defendant contends that removal is proper because of "the Moving Party's Discovery Request and Demand for: 'The Original Blue Inked Promis[s]ory Note.'"[11]  "[F]ederal jurisdiction exists only when a federal question is presented on the *face* of the plaintiff's properly pleaded complaint,"

---

[11]*Id.* at 2.

however. *Caterpillar*, 482 U.S. at 392 (emphasis added). A discovery request cannot give rise to federal question jurisdiction. Additionally, defendant contends "the state court complaint pleads and alleges claims 'arising under' Federal Law."[12] To the contrary, Deutsche Bank's complaint does not, on its face, raise a federal question. It states a single claim for unlawful detainer, which is solely a state law cause of action. See *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *U.S. Bank NA v. Lopez,* NO. C09-05985 HRL*,* 2009 WL 5218006*,* *1 (N.D. Cal. Dec. 31, 2009) (same); *Galileo Financial v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists"). Accordingly, removal based on federal question jurisdiction is improper.

### III.  CONCLUSION

For the reasons stated, the court lacks subject matter jurisdiction to hear this action, and directs the clerk to remand the case to Los Angeles Superior Court forthwith.

---

[12]*Id*.